Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 02 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. PATRICK K. BLANKENFELD         Docket No. CR 01-00157SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of PATRICK K. BLANKENFELD, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 13th day of November 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the fine of $1,000.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

On 7/31/2003, The Honorable Ann Aiken, U.S. District Judge, revoked the subject's supervised release for the following violations: 1) urine specimens testing positive for methamphetamine on three (3) occasions; 2) refusal to comply with drug testing on three (3) occasions; 3) failure to complete The Salvation Army Adult Treatment Services (ATS) residential substance abuse program; and 4) failure to notify the Probation Officer at least ten (10) days prior to any change in residence. The subject was sentenced to six (6) months imprisonment with twenty-eight (28) months supervised release to follow. The following special conditions were imposed.



SEALED BY ORDER OF THE COURT

1.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

2.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3.  That the fine of $500.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived.

4.  That the defendant provide the Probation Office and Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 9/15/2005, The Court revoked the subject's supervised release for failing to notify the Probation Officer ten (10) days prior to any change in residence.  The subject was sentenced to ten (10) months imprisonment, to be followed by eighteen (18) months of supervised release.  The following special conditions were imposed:

1.  That the defendant participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The Court also ordered that a fine of $500.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1.  The subject refused to comply with drug testing on 2/7/2007, 2/16/2007, and 2/21/2007, in violation of Special Condition No. 1.

2.  The subject failed to notify the Probation Officer ten (10) days prior to any change in residence or employment, in violation of Standard Condition No. 6.

3.  The subject failed to submit a monthly supervision report for the month of January 2007, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 2/28/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 28th day of February, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **BLANKENFELD, Patrick K.**
      **Criminal No. CR 01-00157SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Possession of Counterfeit Obligations of the United States, a Class C felony. He was sentenced on 11/13/2001 to ten (10) months imprisonment with three (3) years supervised release to follow. He began his first supervised release term on 12/19/2002.

On 7/31/2003, the subject's supervised release was revoked and The Honorable Ann Aiken, U.S. District Judge, sentenced the subject to six (6) months imprisonment to be followed by twenty-eight (28) months of supervised release. The imprisonment term was to be served consecutively to a one (1) year imprisonment term imposed on 7/16/2003 by the Hawaii Paroling Authority for State parole violations. The subject began his second supervised release term on 2/25/2005.

On 9/15/2005, the subject's supervised release was revoked and Your Honor sentenced him to ten (10) months imprisonment to be followed by eighteen (18) months of supervised release. The subject began his third supervised release term on 7/7/2006. The special conditions are noted on page 2 of the petition.

**Violation No. 1 - Refusing to Comply With Drug Testing on 2/7/2007, 2/16/2007, and 2/21/2007**: Per the special condition, the subject was referred to Freedom Recovery Services (FRS) for outpatient substance abuse counseling and random drug testing. Our office was informed by FRS that on 2/7/2007, 2/16/2007, and 2/21/2007, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing.

These missed drug tests have not been addressed with the subject because his whereabouts are unknown.

**Violation No. 2 - Failing to Notify the Probation Officer Ten Days Prior to any Change in Residence or Employment**: On 2/20/2007, this officer conducted an unannounced home inspection of the subject's residence in an effort to contact the subject about his recent missed drug tests. The undersigned was informed by the subject's roommate, Blake Cherry, that the subject had not resided there for approximately one (1) month. He had no idea where the subject was currently residing or how to reach the subject. This officer also spoke to the subject's sister-in-law, Lita Blankenfeld, who also lives on the property in a separate house. She also had no idea where the subject was currently residing or how to reach him.

Re:   **BLANKENFELD, Patrick K.**
**Criminal No. CR 01-00157SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**


On 2/20/2007, this officer contacted the subject's last known employer, Lulu's Waikiki Surf Club. The subject was not currently working there and was not on the schedule for that week. On 2/21/2007, this officer spoke to the General Manager, Ron Panzo. He reported that the subject had not worked there since 1/29/2007. He further reported that up until that point, the subject had been a good worker. He indicated that the subject suddenly stopped coming to work. After several weeks, the subject reportedly came by and attempted to get back on the schedule at work but was turned down because they felt the subject was experiencing some problems in his life and needed to address them prior to returning. The subject never came back after this.

The subject at no time requested or received permission to change his employment or residence and has failed to contact our office in any way to inform us of his whereabouts.

**Violation No. 3 - Failing to Submit a Monthly Supervision Report for the Month of January 2007**: Per Standard Condition No. 2, the subject is required to submit a monthly supervision report to the Probation Officer within the first five (5) days of each month. The subject failed to submit a monthly supervision report for the month of January 2007.

Re: **BLANKENFELD, Patrick K.**
   **Criminal No. CR 01-00157SOM-01**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 3**

    For the first five (5) months of his supervised release term, the subject resided at the Mahoney Hale Residential Reentry Center. During this period, the subject complied with random drug testing and worked full-time. Approximately two (2) months after returning home to live with his family, the subject quit his job, missed drug testing and ultimately absconded from supervision. Because his whereabouts are unknown, we respectfully recommend that the Court issue a no bail warrant for his appearance to show cause why supervised release should not be revoked.

                                       Respectfully submitted by,

                                        */s/ Frank M. Condello II*
                                        FRANK M. CONDELLO, II
                                        U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:  BLANKENFELD, Patrick K.
     Criminal No. CR 01-00157SOM-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

   None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     PATRICK K. BLANKENFELD                      Docket No.  CR 01-00157SOM-01

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 18 months commencing 7/7/2006.

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

      The defendant shall not commit another federal, state, or local crime.

      That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Patrick Blankenfeld_   × 7/11/2006
PATRICK K. BLANKENFELD, Defendant        Date

_Frank M. Condello II_        7/11/06
FRANK M. CONDELLO, II         Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:     PATRICK K. BLANKENFELD
        Docket No. CR 01-00157SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(1)     The defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

(2)     The defendant shall serve up to 6 months community confinement in a community corrections center such a Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

(3)     The defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

(4)     That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The fine of $500 is due immediately and any remaining balance upon release from confinement shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Patrick Blankenfeld_          x 7/11/2006
        PATRICK K. BLANKENFELD, Defendant          Date

_Frank M. Condello II_          7/11/06
        FRANK M. CONDELLO, II          Date
        U.S. Probation Officer