Prob 12CAmended 1
(Rev. 3/06 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 17 2007

at [1]0o'clock and 46 min. A M.
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. PATRICK K. BLANKENFELD               Docket No. CR 01-00157SOM-01

## AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of PATRICK K. BLANKENFELD, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 13th day of November 2001, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the fine of $1,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

On 7/31/2003, The Honorable Ann Aiken, U.S. District Judge, revoked the subject's supervised release for the following violations: 1) urine specimens testing positive for methamphetamine on three (3) occasions; 2) refusal to comply with drug testing on three (3) occasions; 3) failure to complete The Salvation Army Adult Treatment Services (ATS) residential substance abuse program; and 4) failure to notify the Probation Officer at least ten (10) days prior to any change in residence. The subject was sentenced to six (6) months imprisonment with twenty-eight (28) months supervised release to follow. The following special conditions were imposed.

Prob 12C Amend 1
(Rev. 3/06 D/HI)

2

1.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

2.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3.  That the fine of $500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest is waived.

4.  That the defendant provide the Probation Office and Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 9/15/2005, The Court revoked the subject's supervised release for failing to notify the Probation Officer ten (10) days prior to any change in residence.  The subject was sentenced to ten (10) months imprisonment, to be followed by eighteen (18) months of supervised release.  The following special conditions were imposed:

1.  That the defendant participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12C Amend 1
(Rev. 3/06 D/HI)

3

The Court also ordered that a fine of $500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the petition for Request for Course of Action dated 2/28/2007 and filed on 3/2/2007 include the following additional violation(s):

4.  On 6/21/2007, the subject engaged in conduct constituting a crime in the State of Hawaii, to wit, Unauthorized Entry Into Motor Vehicle, in violation of Hawaii Revised Statute (H.R.S.) § 708-836.5 and in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action dated 2/28/2007 and filed on 3/2/2007 be amended to include the additional violation(s).

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Course of Action dated 2/28/2007 and filed on 3/2/2007 be amended to include the additional violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on  9/13/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action dated 2/28/2007 and filed on 3/2/2007 be amended to include the additional violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 13th day of September, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **BLANKENFELD, Patrick**
       **Criminal No. CR 01-00157SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

**Violation No. 4 - Engaged in Conduct Constituting a State of Hawaii Criminal Offense, to wit, Unauthorized Entry Into Motor Vehicle**:  The subject was arrested on 6/21/2007 for Unauthorized Entry Into Motor Vehicle in the First Degree, a Class C felony. This offense is in violation of H.R.S. § 708-836.5.  According to Honolulu Police Department (HPD) Report No. 07-247673, on 6/21/2007 at approximately 7:00 a.m., the subject was in the vicinity of 3908 Paki Avenue.  The victim, David Teruya, witnessed the subject enter his truck. As Mr. Teruya began running toward his truck, the subject jumped out of the truck and ran to a Honda vehicle that was waiting for him.  The subject jumped through the rear driver's side door into the back seat.  The victim, Mr. Teruya, jumped into the Honda just behind the subject.  They began struggling with each other in the car.  Approximately 1/8 of a mile down the road, the driver stopped the car.  The subject jumped out.  Mr. Teruya recovered some of the stolen items from the Honda, except for $70 cash, a health card, an electrician's license, and a Costco card.  The victim's car also had a portable radio missing along with a back pack. The passenger door keyhole of the truck had been punched.

As police arrived, the subject fled the scene on foot.  He was eventually apprehended by police after a long foot chase to the Waikiki area, where the subject ran into the ocean near Kalakaua Avenue.  During the chase, the subject reportedly fractured his heel.

Re:    **BLANKENFELD, Patrick**
       **Criminal No. CR 01-00157SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

According to the City Prosecutors Office, the subject has agreed to plead guilty to the above charge, which is punishable by an open five (5) year prison sentence. He has reached a plea agreement which stipulates that he be taken into federal custody first and address his pending revocation of supervised release before formally entering his guilty plea. The intent is reportedly to have his state conviction run concurrently to any federal revocation sentence imposed by Your Honor.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:    **BLANKENFELD, Patrick**
       **Criminal No. CR 01-00157SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT
CONSIDERATION**

       None.